IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

```
-------------------------------------------------------x
JOSEPH WHITE,                                          :
on behalf of Plaintiff and a class,                    :
                                                       :
                    Plaintiff,                         :
                                                       :
         vs.                                           :
                                                       :
ALLTRAN FINANCIAL, LP,                                 :
                                                       :
                    Defendant.                         :
-------------------------------------------------------x
```

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Joseph White brings this action to secure redress regarding unlawful collection practices engaged in by Defendant Alltran Financial, LP. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3. Plaintiff's private information was wrongfully disclosed by Defendant to an unauthorized third party, causing injury to Plaintiff which can be redressed by an award of damages.

4. Personal jurisdiction and venue in this District are proper because Defendant's collection letter was received here.

### PARTIES

#### Plaintiff

5. Plaintiff Joseph White is a natural person residing in Brooklyn, New York.

**Defendant**

6. Defendant Alltran Financial, LP, is a limited partnership entity organized under the law of Texas. It has offices at (a) 5800 North Course Drive, Houston, Texas 77072, (b) 4001 E. 29th St., Suite 130, Bryan, Texas 77802, and (c) 6506 South Lewis, #260, Tulsa, Oklahoma 74136. It does business in New York. Its registered agent and office is C T Corporation System, 28 Liberty St., New York, New York 10005.

7. Defendant Alltran Financial, LP is engaged in the sole or principal business of a collection agency, collecting consumer debts and using the mails and telephone system for that purpose.

8. Upon information and belief, almost all of Defendant Alltran Financial, LP's resources are devoted to debt collection.

9. Upon information and belief, almost all of Defendant Alltran Financial, LP's revenue is derived from debt collection.

10. Upon information and belief, almost all of Defendant Alltran Financial, LP's expenses are related to debt collection.

11. Defendant Alltran Financial, LP, states that it "is a leader in the Accounts Receivable Management industry. We have united industry leading organizations with over 78 years of combined experience to be a transformational force in Financial Services thought leadership and innovation." (https://alltran.com/financial-services/)

12. Defendant Alltran Financial, LP is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

## FACTUAL ALLEGATIONS

13. This action arises out of Defendant's attempts to collect a credit card debt incurred for personal, family or household purposes.

14. On or about April 6, 2021, Defendant Alltran Financial, LP caused a letter vendor to send Plaintiff the letter in Exhibit A.

15. The letter bears markings that are characteristic of one generated by a letter vendor. In addition, public court filings indicate that Alltran Financial, LP uses a letter vendor.

16. In order to have the letter vendor send Plaintiff the letter in Exhibit A, Defendant had to furnish the letter vendor with Plaintiff's name and address, the status of Plaintiff as a debtor, details of Plaintiff's alleged debt, and other personal information.

17. The letter vendor then populated some or all of this information into a prewritten template, printed, and mailed the letter to Plaintiff.

18. The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

19. The sending of an electronic file containing information about Plaintiff's purported debt to a letter vendor is therefore a communication.

20. Defendant's communication to the letter vendor was in connection with the collection of a debt since it involved disclosure of the debt to a third-party with the objective being communication with and motivation of the consumer to pay the alleged debt.

21. Plaintiff never consented to having Plaintiff's personal and confidential information, concerning the debt or otherwise, shared with anyone else.

22. In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. §1692c(b): "Except as provided in section 1692b of this title, without the prior consent of the consumer given

directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

23. The letter vendor used by Defendant as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. §1692c(b).

24. Due to Defendant's communication to this letter vendor, information about Plaintiff is within the possession of an unauthorized third-party.

25. If a debt collector "conveys information regarding the debt to a third party -- informs the third party that the debt exists or provides information about the details of the debt -- then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.,* 804 F.3d 740, 743 (6th Cir. 2015).

26. Defendant unlawfully communicates with the unauthorized third-party letter vendor solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

27. In its reckless pursuit of a business advantage, Defendant disregarded the known, negative effect that disclosing personal information to an unauthorized third-party has on consumers.

### COUNT I – FDCPA

28. Plaintiff incorporates paragraphs 1-27.

29. Defendant violated 15 U.S.C. §1692c(b) when it disclosed information about Plaintiff's purported debt to the employees of an unauthorized third-party letter vendor in

connection with the collection of the debt.

30. Defendant violated 15 U.S.C. §1692f by using unfair means in connection with the collection of a debt – disclosing personal information about Plaintiff to third parties not expressly authorized under the FDCPA.

## CLASS ALLEGATIONS

31. Plaintiff brings this action on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

32. The class consists of (a) all individuals in New York (b) with respect to whom Defendant had a letter prepared and sent by a letter vendor (c) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 30 days after the filing of this action.

33. Plaintiff may alter the class definition to conform to developments in the case and discovery.

34. On information and belief, based on the size of Defendant's business operations and the use of form letters, there are more than 40 class members, and the class is so numerous that joinder of all members is not practicable.

35. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether Defendant's practice as described above violates the FDCPA.

36. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

37. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

    i. Statutory damages;

    ii. Attorney's fees, litigation expenses and costs of suit;

    iii. Such other and further relief as the Court deems proper.

*s/ Abraham Kleinman*
Abraham Kleinman

Abraham Kleinman
KLEINMAN LLC
626 RXR PLAZA
Uniondale, NY 11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

pro hac vice to be applied for:

Dulijaza (Julie) Clark
**EDELMAN, COMBS, LATTURNER**
    **& GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200

(312) 419-0379 (FAX)
courtecl@edcombs.com

## **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

*s/ Abraham Kleinman*
Abraham Kleinman

# **EXHIBIT A**

**Alltran Financial, LP**

PO BOX 4044
CONCORD CA 94524-4044

April 6, 2021

Creditor: ▮▮▮▮▮
Account: ▮▮▮▮▮
Alltran ID: ▮▮▮▮▮
Account Balance: ▮▮▮▮▮
Partial Account Number for Your Security

ADDRESS SERVICE REQUESTED

Joseph White
▮▮▮▮▮

## SETTLEMENT OFFER
### ▮▮▮▮▮ IN 3 PAYMENTS

▮▮▮▮▮ has agreed to accept ▮▮▮▮▮ as a settlement for monies owing on your account payable in 3 equal payments of ▮▮▮▮▮ due every 30 days. Once all 3 payments of ▮▮▮▮▮ each have been paid to our office on time, we will consider this account to be settled for less than the full balance owed. Please make your payment payable to ▮▮▮▮▮.

Your first payment must be received within 15 days of the date of this letter. Consecutive payments are to be made at a minimum of once every 30 days until the settlement amount is paid. This offer is only valid if the payment schedule is met. If the payment schedule is not met, we are not obligated to renew this offer. If the settlement is cancelled any payments already received will be credited towards the full balance. Please send in your payments along with the payment stub to the address listed on the coupon.

Please call our toll-free number, 877-614-9420 to confirm your interest in the settlement offer or to explain your circumstances.

This communication is from a debt collector. We are required to inform you that this is an attempt to collect a debt, and any information obtained will be used for that purpose.

Sincerely,
KENNY TRAN
877-614-9420 | TTY: 711 or (800) 735-2989

It's tax return time. If you are entitled to a refund, consider using your refund to resolve your account. Also, if you are looking for a secure and more convenient way to pay your account, you can make payments any time with your Debit Card using your mobile phone or other electronic device at www.oursecurepayment.com.

Office Hours (all times Central)
Monday-Thursday: 8 AM to 9 PM • Friday: 8 AM to 4 PM • Saturday: 7 AM to 11 AM
NEW YORK CITY DEPARTMENT OF CONSUMER AFFAIRS LICENSE NUMBER 1304511,
1304544, 1304538.

¡Traducción en español al lado reverso!

**Detach Coupon and Mail with Payment**

 

Alltran Financial, LP

PO BOX 4044
CONCORD CA 94524-4044

Abril 6, 2021

Acreedor:
Cuenta:
Alltran ID:
Saldo de la Cuenta:
Número parcial de cuenta para su seguridad

ADDRESS SERVICE REQUESTED

Joseph White

## OFRECIMIENTO DE LIQUIDACIÓN
### EN 3 PAGOS

▮▮▮▮▮▮▮ está de acuerdo en aceptar ▮▮▮▮▮ como liquidación por las cantidades de dinero que se adeudan en su cuenta, en 3 pagos iguales de ▮▮▮▮ a pagar cada 30 días. Una vez que todos y cada uno de los 3 pagos de ▮▮▮▮ hayan sido hechos a tiempo a nuestra oficina, nosotros consideraremos que esta cuenta estará liquidada por menos del saldo total adeudado. Por favor haga su pago a nombre de ▮▮▮▮▮.

Debemos recibir su primer pago dentro de los 15 días siguientes a partir de la fecha de esta carta. Los siguientes pagos deberán hacerse por lo menos una vez cada 30 días, hasta que se termine de pagar la cantidad acordada para la liquidación. Este ofrecimiento es válido solo si se cumple con el plan de pagos. Si no se cumple con el plan de pagos, nosotros no estamos obligados a renovar este ofrecimiento. Si el acuerdo es cancelado, cualquier pago que se haya recibido será acreditado al saldo total. Por favor, envíe sus pagos junto con el talón de pago a la dirección que aparece en el cupón.

Por favor, llame a nuestro número gratuito (800) 354-4150 Ext. 8803 para confirmar su interés en el ofrecimiento de liquidación o para explicar su situación.

Esta comunicación se la envía una agencia de cobranzas. Se nos requiere que le informemos que éste es un intento para cobrar una deuda, y cualquier información que se obtenga se usará con este propósito.

Atentamente,
KENNY TRAN
(800) 354-4150 Ext. 8803 | TTY: 711 o (800) 735-2989

Es tiempo de devolución de impuestos. Si tienes derecho a un reembolso, considera usar tu reembolso para resolver tu cuenta. De igual modo, si usted está buscando una forma segura y más conveniente de pagar su deuda, usted puede hacer pagos en cualquier momento con su Tarjeta de Débito usando su teléfono móvil, u otro dispositivo electrónico, en www.oursecurepayment.com.

Horas de Oficina (todas horas en Central)
lunes - jueves: 8 am a 9 pm • viernes: 8 am a 4 pm • sábado: 7 am a 11 am

NÚMERO DE LICENCIA DEL DEPARTAMENTO NEW YORK CITY DEPARTMENT OF CONSUMER AFFAIRS: 1304511, 1304544, 1304538.

English text on other side!

*Desprenda el cupón y envíelo junto con su pago.*

Pago 3 de 3           Pago 2 de 3           Pago 1 de 3